JAS. C. WAUGH, IMPL. C. H. CAMFIELD AND CHAS. M. GLASER

v.

CASIMIR ANDEL, TRUSTEE OF COMPANY "A" BELLE-VILLE GUARDS.

*Equity Jurisdiction—Note Payable to Captain of Military Company—Bill Filed by Trustee.*

1. The trustee of a military company, which has no Captain, may maintain an action in equity on a note made payable to its Captain for money borrowed of the company.

2. The transfer of the note by vote of the company to the trustee, for collection, conferred upon him sufficient interest in the note to enable him to maintain suit thereon.

[Opinion filed January 10, 1887.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding

Statement of the case by PILLSBURY, J. Company "A," Belleville Guards, was organized as a part of the militia of the State, and for service rendered the State, and from other sources, it became possessed of quite a sum of money which

it deposited with the treasurer of the company, and from time to time, loaned the same. August 3, 1880, having about $400 in the treasury, one C. H. Camfield applied for a loan of that amount, and the company directed the treasurer to loan the same, taking note with security therefor. The said Camfield thereupon presented to the treasurer of the company the following promissory note and received the money.

$400.00.                      BELLEVILLE, ILL., August 9th, 1880.

Six months after date we, or either of us, promise to pay to the Captain of Company "A" Belleville Guards, or order, the sum of four hundred dollars for value received, with eight per cent. interest per annum from maturity, at the office of the First National Bank of Belleville.

C. H. CAMFIELD,<br>CHAS. M. GLASER,<br>J. C. WAUGH."

The treasurer reported the loan to the company and being approved, he retained the note in trust for its members. The Captain of said company resigned about November 1, 1881, which resignation was accepted, and no other Captain was thereafter elected, and some time in August, 1884, the company, as an organization, ceased to exist. At the time said company voted to disband in August, 1884, they ordered the treasurer to turn over said note to the appellee to be held by him in trust for the company, and to collect the same and account for the proceeds. The treasurer complied with this direction and delivered the note to appellee who filed this bill against the makers alleging the above facts, and asked a decree for its amount. The appellant, Waugh, filed a general demurrer to the bill, which was overruled, and he abided and sued out this writ of error.

Mr. MARSHALL W. WEIR, for plaintiff in error.

Mr. E. L. THOMAS, for defendant in error.

PILLSBURY, J.   The money loaned to Camfield belonged to

.the company, and the note, payable to the Captain would, when delivered to him, be held by him in trust for the company. There being no Captain of the company there is no payee in existence who can bring a suit at law or in whose name the 'company can bring such suit for its use. No adequate remedy at law exists to enforce payment of the note and equity will ·therefore take jurisdiction. The company retained the note ·in its treasury as its property until it voted to transfer to the appellee to be held and collected by him for the use of the company· and this we think conferred upon him a sufficient ·interest therein to maintain this bill. He thereby became the ·lawful holder of it and a recovery by him will discharge the ·note, and that is all the makers · have any right to demand. The decree will be affirmed.

*Affirmed.*